G. EDWARD RUDLOFF, JR. (SBN 56058)
EDWARD P. MURPHY (SBN 182778)
**FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**
2000 Powell Street, Suite 900
Emeryville, CA 94608
Telephone: (510) 740-1500
Facsimile: (510) 740-1501
E-mail: erudloff@fgppr.com
emurphy@fgppr.com

Attorneys for Defendant
NORTHFIELD INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| MALIK ALROBIAI individually and dba DOLLAR CITY,<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHFIELD INSURANCE COMPANY; and DOES 1-10,<br><br>Defendants. | CASE NO. 1:17-CV-00277-AWI-BAM<br><br>**DECLARATION OF TIMOTHY GILLIHAN IN SUPPORT OF NORTHFIELD INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: July 30, 2018<br>Time: 1:30 p.m.<br>Place: Courtroom 2<br><br>[The Honorable Anthony W. Ishii]<br><br>**Complaint Filed: January 17, 2017**<br>**Trial: November 6, 2018** |

I, Timothy Gillihan, declare:

1. I am a forensic accountant and a Partner at Hagen Streiff Newton & Oshiro Accountants, PC ("HSNO"). I was the forensic accountant from HSNO who evaluated Malik Alrobiai individually and dba Dollar City's ("Insureds") claim for business income loss and business personal property loss following the fire to the Dollar City Store, located at 612 Oller Street, Mendota, California ("Dollar City

1

1   Store"), on August 12, 2013, and subsequently issued the HSNO report.  The facts

2   set forth here are of my own personal knowledge and if called upon, I could and

3   would competently testify thereto.  A true and correct copy of my curriculum vitae

4   is attached to my declaration as **Exhibit A.**

5      2. I am a certified public accountant licensed with the state of California,

6   License Number 105907.  I am also accredited in business valuation by the

7   American Institute of Certified Public Accountants.  I have twelve years of

8   experience in the field of forensic accounting and have previously provided analyses

9   of business valuation cases.

10      3. HSNO was retained by Engle Martin & Associates, Inc. ("Engle

11   Martin") on behalf of Northfield INSURANCE COMPANY ("Northfield") to

12   evaluate the Insureds' claim for business income loss and business personal property

13   loss- inventory ("Claim").  HSNO was asked to analyze the Insureds' records and

14   documents in support of their Claim and prepare a report of its findings.

15      4. I reviewed the Insureds' documentation and communicated with the

16   Insureds' public adjuster, Anthony Astone of Independence Public Adjusters, and

17   forensic accountant, Steven Miller of Miller Forensics, to request additional

18   documents to evaluate the Insureds' Claim.

19      5. On August 14, 2013, I emailed Mr. Astone and requested documents to

20   evaluate the Insureds' business income and business personal property claim,

21   including the Insureds' tax return for 2012.  Attached as **Exhibit B** is a true and

22   correct copy of my August 14, 2013 email to Mr. Astone, copying others.

23      6. On September 19, 2013, I asked Mr. Miller to advise on the status of

24   the submission of additional documentation from the Insureds to support the Claim,

25   and Mr. Miller responded that he was still working with the Insureds to collect

26   documents.  I followed up again with Mr. Miller on September 25, 2013, and he

27   advised that he was still working with the Insureds to gather the documentation.

28   Attached as **Exhibit C** is a true and correct copy of an email string including my

1    September 19, 2013 and September 25, 2013 emails to Mr. Miller and others, and

2    his email responses.

3           7.     On October 3, 2013, I received a preliminary calculation from Mr.

4    Miller of the Insureds' Claim with some documentation.  The documents included a

5    Miller Forensics report dated September 30, 2013 with his preliminary calculation,

6    six pages of receipts from stores with purchase summaries, a 5-page Inventory

7    Report for the Dollar City Store as of July 4, 2011 prepared by Pro Inventory

8    Auditing, single-page Dollar City Plus- Mendota Summary of Business for January

9    13 through July 2013, and a Real Estate Lease between Monsour Soussi and Malik

10   Alrobiai dated June 24, 2011 for the convenience store located at 612 Oller Street,

11   Mendota, California.  Attached as **Exhibit D** is a true and correct copy of Mr.

12   Miller's October 3, 2013 email to me, copying Mr. Astone, along with attachments.

13          8.     From my review of his report, Mr. Miller relied upon the single page

14   profit and loss summaries from the Insureds to project an average monthly income

15   to determine a business income loss.  Mr. Miller also assumed that the lease

16   payments and employee wages were continuing expenses.  From this he projected a

17   business income loss of over $100,000. From my review, Mr. Miller did not

18   independently verify this information to see if it was supported.

19          9.     Also, Mr. Miller relied upon the Pro Inventory Auditing Report from

20   July 4, 2011 and the Insureds representation that the inventory remained constant to

21   value the business inventory loss as $109,744. This was the value from the Pro

22   Inventory Auditing Report.

23        10.     It was my opinion that the single page monthly sales summaries from

24   January 2013 to July 2013 were not sufficient by themselves to document any

25   business income loss.  Further, it was my opinion that the Pro Inventory Auditing

26   Report from July 4, 2011 could not be used to document what business personal

27   property was in the store on the day of the fire.

28

DECLARATION OF TIMOTHY GILLIHAN; CASE NO.  1:17-CV-00277-AWI-BAM

11.     On October 8, 2013, I emailed Mr. Miller and asked for additional documents to assist in preparing my analysis, which included:  "1. Sales & Use tax returns for Q1 2011 – Q2 2013, 2. Monthly bank statements for August 2011 – September 2013, 3. Clarification as to the value reflected in the Pro Inventory Auditing Report dated July 4, 2011 … 4. Confirmation as to the ownership of inventory in the building at the time of fire."  Attached as **Exhibit E** is a true and correct copy of my October 8, 2013 email to Mr. Miller, copying Mr. Astone, Mr. Dillon and Ms. Pinson.

12.     On October 16, 2013, I advised Mr. Dillon that based on the documentation provided to date, I would recommend no more than a $20,000 advance to the Insureds on their Claim.  Attached as **Exhibit F** is a true and correct copy of an email string including Mr. Dillon's October 17, 2013 email to Mr. Astone and myself, copying others, relaying a message from me.

13.     As of November 21, 2013, I was still waiting for the requested records from Mr. Miller.  Attached as **Exhibit G** is a true and correct copy of an email string including my November 21, 2013 email to Mr. Dillon and Ms. Pinson, copying Mr. Miller.

14.     On December 3, 2013, I received copies of bank statements from Mr. Miller regarding the Insureds and the Dollar City Store for the period of July 2011 to July 2013.  The bank statements showed average deposits of $1,776 per month, a negative ending balance for 15 of 25 months, had a significant number of checks made on the account returned for insufficient funds, and was forced closed on July 26, 2013.  Attached as **Exhibit H** is a true and correct copy of Mr. Miller's December 3, 2013 email to me, copying Mr. Astone.

15.     I prepared a preliminary report dated December 23, 2013 reflecting my opinion as to the Insureds' Claim.  Attached as **Exhibit I** is a true and correct copy of my report dated December 23, 2013 to Mr. Dillon of Engle Martin.

16.    Even assuming the rent was paid in cash and that represented additional revenues that were not received in the Insureds' bank account, I calculated no business income loss for the Insureds.

17.    There was no confirmation that rent and employee wages continued during the loss period, and thus I did not treat them as continuing expenses.

18.    I opined that the Insureds' claimed revenues for January to July 2013 were not supported by the documents provided.

19.    Based on the documents submitted, I opined that the Insureds could not substantiate that they suffered any business income loss.

20.    The Insureds' business inventory loss was based on an inventory report performed on July 4, 2011 or more than two years prior to the loss.

21.    I opined that the claimed amount of inventory seemed unusually high for the type of business and based on industry averages.

22.    The documentation submitted by the Insureds were not sufficient to determine the value of the inventory at the date of the loss, or even document or estimate any inventory loss.  Therefore, insufficient documentation was provided to determine any inventory loss.

23.    In order to validate the Insureds' claimed level of sales and inventory, I had requested but was not provided with their Sales & Use Tax Return for 2012-2013, and Federal Income Tax Return for 2011 and 2012.  Attached as **Exhibit J** is a true and correct copy of an email string including my December 31, 2013 to Mr. Astone, copying Mr. Dillon.  Also attached as **Exhibit K** is a true and correct copy of an email string including my February 3, 2014 email to Mr. Collin, Mr. Astone, and the Insureds, copying Ms. Carter, requesting Sales & Use Tax Returns for 2012-2013 and Federal Income Tax Return for 2012.

24.    Based on my analysis of the records submitted by the Insureds, I opined that the Insureds had not substantiated either a business income loss from the fire or

a business inventory loss for which payment could be made.  Therefore, I could not recommend that any payment be made for the Insureds' Claim by Northfield.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct and that this Declaration was executed by me on this 22nd day of June, 2018 in Oakland, California.


_____

Timothy Gillihan

DECLARATION OF TIMOTHY GILLIHAN; CASE NO.  1:17-CV-00277-AWI-BAM